## OCTOBER TERM, 1831.

### TIMOTHY DELANY v. JOHN NOBLE.

A decree of the orphans' court, revoking letters of administration previously granted, and granting new letters to the same person, is within the provision of the twenty-first section of "An act to ascertain the power and authority of the ordinary and his surrogates," &c. (*Rev. Laws*, 782,) and an appeal from such decree must be taken within thirty days, although no new application for letters be made and no citations issued for parties to come in and be heard.

Where letters of administration are revoked as informally or illegally granted, new letters may be granted to the same person, or, it seems, to any other, without a new application.

APPEAL from a decree of the orphans' court of the county of Hunterdon, granting letters of administration upon the estate of James Maher, to John Noble.

The cause came before the court upon a motion, on the part of the respondent, to dismiss the appeal for irregularity, on the ground that it was not demanded within thirty days after the decree.

[Delany v. Noble.]

*Hamilton*, for respondent, in support of the motion.

*Halsted*, contra.

THE ORDINARY. "On the twelfth of August, eighteen hundred and thirty, James Maher, formerly of Ireland, died in the city of Trenton, where he had resided for a number of years before his death. Shortly after his death, John Noble applied to the surrogate of the county of Hunterdon for letters of administration, and they were granted to him by the surrogate. Upon this, Timothy Delany, alleging himself to be the nephew and next of kin of the decedent, presented a petition to the orphans' court, setting forth that fact, and praying that the letters of administration thus granted as aforesaid to John Noble might be revoked, and that administration of the estate might be granted to him. Depositions were taken, and the matter came on to be heard before the said orphans' court, on the petition aforesaid, in the term of February last; and thereupon the orphans' court revoked the letters of administration thus granted as aforesaid, and, at the same time, granted new letters of administration to the said John Noble.

On the eighth of April, eighteen hundred and thirty-one, Timothy Delany filed his petition in this court, alleging that the decree, so far as regarded the granting of new letters of administration to Noble, was erroneous, inasmuch as no new application had been made by the said Noble for administration, and appealed from that part of the decree.

The respondent sets forth in his answer, under a protestando as to the legality of the appeal in point of time, that upon the hearing before the orphans' court, on the application aforesaid, it appeared that the letters of administration had been issued to the respondent by a clerk of the surrogate, he himself being confined by severe illness; and that for that reason the court saw proper to revoke the original letters; that witnesses were examined, and a full hearing had before the court, as to the right of administration, upon which the court were of opinion that Delany was not

[Delany v. Noble.]

next of kin to the intestate; and being of opinion, further, that the said Noble was a fit person to be entrusted with the management of the estate, they made the decree complained of.

The question made before this court is as to the propriety of the appeal; it not having been made within thirty days from the time of the decree.

By the twenty-first section of the act entitled "An act to ascertain the power and authority of the ordinary and his surrogates," &c. (*Rev. Laws*, 782,) the surrogates of the different counties are required to take the depositions to wills, administration, &c., and to issue thereon letters testamentary and of administration; but in all cases where disputes happen respecting the existence of a will, the fairness of an inventory, or the right of administration, the surrogate shall issue citations to all persons concerned to appear at the next orphans' court, when the matter shall be heard in a summary way and determined by the court, subject to an appeal to the prerogative court, if demanded within thirty days after the sentence or decree of the court.

It was admitted, that if the case came within the provisions of this section of the act, the appeal was too late, and must be dismissed; but it was contended that it was not within the section; that in this case no new application had been made by Noble, and no citations had been issued for parties to come in and be heard; that the whole proceeding, therefore, was irregular, and the decree not having been made under the authority of the section, the appeal was not regulated as to time by its restrictions.

If there was any informality in the proceedings of the orphans' court, may it not have been occasioned by the act of the appellant himself? His application was that the old letters should be revoked, and new ones granted to himself. When the old letters were revoked for the informality above mentioned, both parties and both applications were before the court, and if they proceeded to adjudicate without the formality of citations, I should doubt the propriety of any objection that might be made by the present appellant. He was fully heard, and can have no ground

71

of complaint. As to the objection that no new application was made by Noble, and therefore the court committed an error in appointing him, I think it untenable. It is evident the court considered the original application of Noble as still before them, and I think rightly so; but if it were not, I am not aware that the orphans' court are precluded from granting administration to a person who is not an applicant.

I am of opinion, however, that this must be considered as a proceeding under the twenty-first section of the act, and consequently, that this appeal is too late. The orphans' courts have, in all cases of administration where any difficulties arise as to the right, a general jurisdiction; and from their decrees, the statute has given an appeal. The jurisdiction is not taken away, or the rights of the parties as to the appeal affected, by the fact that the court, in the exercise of their powers, may have acted informally. One of the objects of the appeal is to correct such erroneous proceedings, by which a party may have been aggrieved.

If the appeal is not properly taken under this section of the act, it appears to me that the proceeding by way of appeal to this court for redress is altogether incorrect. There is no appeal given except by that section. And by the thirty-third section it is provided, that all final sentences or decrees of the orphans' courts in the several counties of this state, where no appeal is given to the prerogative court, shall be subject to removal by certiorari into the supreme court.

In either view of the case, the appeal must be dismissed.

This case bears no resemblance to that of *Ten Brook* v. *M'Colm*, cited at the bar from 5 *Hals.* 333. That was on certiorari to the supreme court. The orphans' court of Somerset revoked letters of guardianship, which had previously been granted to Ten Brook, and granted them to M'Colm. Ten Brook sought redress by certiorari, and it was objected that the proper remedy was by appeal to the prerogative court. But the supreme court said, it was a case in which no appeal was given by the statute; and inasmuch as in all such cases the statute had

[Delany v. Noble.]

provided relief by certiorari, that the plaintiff had pursued his proper remedy, and the motion to quash the suit was overruled. Appeal dismissed, with costs.